Michael J. Farrell - 015056
mfarrell@bfazlaw.com
**BEYERS FARRELL PLLC**
99 East Virginia Ave., Ste. 220
Phoenix, AZ 85004-1195
Tel. (602) 738-3022

Brian R. England - 024888
bre@agzlaw.com
**AFFELD GRIVAKES LLP**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel.:(310) 979-8700

*Attorneys for Plaintiff, Sara Do*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Do, an individual, | **Case No.: 2:22-cv-00190-PHX-JJT** |
| Plaintiff, | **Assigned for all Purposes to: Honorable John J. Tuchi** |
| vs. | |
| Arizona Board of Regents, an Arizona State Entity; Maricopa County Special Health Care District; Dr. Kimberly Day, an unmarried person, individually and in her official capacity; Dr. Salina Bednarek, individually and in her official capacity, and Joshua Bednarek, wife and husband; Dr. Margaret Morris, individually and in her official capacity, and Phillip Morris, wife and husband; Candace Keck, individually and in her official capacity, and Jonathan Keck, wife and husband, | **JOINT SUMMARY OF DISCOVERY DISPUTE** |
| Defendants. | |

**PLAINTIFF SARA DO'S SUMMARY OF DISPUTE**

Do seeks the production of documents created after this litigation was started and which are directly relevant to her claims of ongoing ADA violations and retaliation. Do also seeks leave to file a Supplemental Complaint under FRCP Rule 15(d) to include events occurring after the filing of the lawsuit, which provide further bases for her claims.

In January of 2023, during the pendency of this litigation, Do returned to the MEPN program at the Edson College, operated by ABOR. Though Do has since graduated, events leading up to her return and while she completed the program have direct relevance to her claims. Despite this, ABOR has objected to providing information or documents post-November 10, 2021—the date that she provided ABOR with notice of her claims. ABOR's contention is that events post-dating this action are irrelevant and unduly burdensome. Neither is the case and post-2021 discovery should be compelled.

For example, prior to re-entering the MEPN program, Do again requested reasonable accommodations. Many of Do's requests were denied or modified for allegedly being unreasonable, fundamental alterations of program requirements. For example, Do requested shorter clinical shift assignments—a modification she had also requested prior to her leave of absence from the program in 2021. Do's request was denied in 2021, and again in 2023 for ever-changing rationales. In 2023, Do was told shorter clinical assignments would (i) violate policies set by the Arizona Board of Nursing, (ii) violate Edson policies, and (iii) harm relationships with the facilities where clinicals are performed. Deposition testimony, however, is clear that these are false justifications used to deny a reasonable accommodation.

The actions taken by ABOR and its representatives in 2023 demonstrate additional failures to accommodate Do's disability and further retaliation against her, likely as a result of filing this action. Her 2023 accommodation requests include many of the same requests she made in 2021, and her complaint alleges that ABOR's failures to comply with the ADA are ongoing. The events of 2023 are clearly relevant to her original causes of action and provide important context regarding ABOR's treatment of Do. Do seeks only limited further productions of post-2021 documents, and leave to file her supplemental allegations.

**DEFENDANT ARIZONA BOARD OF REGENTS' SUMMARY OF DISPUTE**

In the Spring 2021, Plaintiff Sara Do ("Do") sought accommodations under the ADA in connection with her coursework in the Master's Entry to Practice Nursing ("MEPN") program offered by ASU's Edson College of Nursing.  In the Summer 2021, Do failed one of her MEPN clinical courses.  After unsuccessfully appealing her failing grade, Do took a medical leave of absence from the MEPN program and then filed the instant lawsuit, asserting, among other things, ADA claims against the Arizona Board of Regents ("ABOR").  Contrary to Do's assertions above, her First Amended Complaint ("FAC") does not plead ongoing violations of the ADA. Instead, Do's claims exclusively focus on alleged ADA violations in 2021.  In January 2023, while this lawsuit was pending, Do returned to the MEPN program. She requested new and additional accommodations at that time, received accommodations, and subsequently graduated from the program in August 2023.

Do now apparently wishes to bring additional claims against ABOR under the ADA relating to her 2023 return to the MEPN program.  (*See* Plaintiff's Statement, outlining "actions taken by ABOR and its representatives *in 2023*" relating to claimed "*additional* failures to accommodate . . . and *further* retaliation.")  However, to date Do has taken no steps to make such claims a part of this case.  Nonetheless, for the last several months, Do has attempted to undertake discovery into the 2023 timeframe regarding these new and unasserted claims.  ABOR has consistently objected on the grounds that the discovery is not relevant to any claim or defense, is overbroad, and imposes an undue burden to ABOR.

If Do wants to bring additional claims, she should file a motion seeking leave to do so and should have to demonstrate why modification of the FAC is warranted.  While ABOR disputes Do's characterization of the testimony and will oppose supplementation of the FAC, if Do is successful in asserting new claims, ABOR will produce records from the 2023 timeframe and will conduct its own discovery into those new claims.[1]  Absent modification of the FAC, however, ABOR should not be required to undertake the burden or expense to collect, review, and produce documents that are irrelevant to the claims as pled in the FAC.

---

[1] This will require a modification of the case schedule.

**MEET AND CONFER CERTIFICATION**

Pursuant to the Honorable John J. Tuchi's standing order on discovery disputes, the parties hereby jointly certify that they have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j), but have reached an impasse. An initial conference on this matter was conducted by Zoom on September 29, 2023, and additional discussions followed without success.

Dated: October 3, 2023              **AFFELD GRIVAKES LLP**

                                                By /s/ Brian R. England
                                                   Brian R. England
                                                   2049 Century Park East, Suite 2460
                                                   Los Angeles, California 90067
                                                   *Attorneys for Plaintiff Sara Do*

Dated: October 3, 2023              **OSBORN MALEDON, P.A.**

                                                By /s/ Kristin L. Windtberg
                                                   Mary R. O'Grady
                                                   Kristin L. Windtberg
                                                   Joshua J. Messer
                                                   *Attorneys for Defendant Arizona Board of Regents*

## PROOF OF SERVICE

I hereby certify that on October 3, 2023, I caused the foregoing document to be electronically filed using the Court's CM/ECF system. I am informed and believe that the CM/ECF system will send a notice of electronic filing to the interested parties.

/s/ Brian R. England
Brian R. England

- 4 -