Jill J. Chasson (019424)
Andrew T. Fox (034581)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 381-5481
jchasson@cblawyers.com
afox@cblawyers.com

*Attorneys for Defendant Maricopa County Special Health Care District*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Do, an individual, | No. CV-22-00190-PHX-JJT |
| Plaintiff, | **JOINT SUMMARY OF DISCOVERY DISPUTE** |
| v. | |
| Arizona Board of Regents, an Arizona State Entity; et al., | |
| Defendants. | |

1233176.4

**Defendant Valleywise Health's Summary of Dispute**

On September 8, 2023, Valleywise ("VW") timely served written discovery on Ms. Do, requesting Kardia data and cell phone call records. Ms. Do has alleged that she was in arrhythmia and emotional distress when she left VW on July 24, 2021. Ms. Do routinely wore a Kardia heart monitor, including on July 24, but has not produced Kardia data from that day. Ms. Do has also testified to not recalling what, if anything, she did that day after leaving the hospital other than being nearly incapacitated because of her arrhythmia. Given this lack of recall, other information that would shed light on her post-rotation condition and activities (*i.e.*, call records) are relevant and discoverable.

Ms. Do's October 9, 2023 responses were deficient; she produced incomplete Kardia data and no call records. Counsel exchanged multiple emails about Ms. Do's responses during the ensuing weeks. **Exhibit 1**. So as to narrow and resolve the parties' differences, VW requested, "[a]t a minimum, Ms. Do's call activity on the entire day of July 24;" for Kardia data, proposed the use of a data retrieval vendor; and, "[t]o the extent that Ms. Do does not agree to supplement her responses as requested, we request a meet and confer as soon as practicable." On November 8, 2023 (after the close of discovery), Ms. Do's counsel stated, "[w]ith respect to the Kardia device, we will agree to your proposal regarding the forensic effort[.]" That same day, Ms. Do produced call records for the first time, but almost all call information was redacted. *See* **Exhibit 2** (sample page).

VW followed up on the requests. On November 21, Ms. Do's counsel argued, for the first time, that VW was seeking "additional" discovery that Ms. Do was not obligated to provide because discovery had closed. Ms. Do induced VW not to bring the dispute to the Court's attention earlier by continuing to negotiate, well past the discovery deadline, whether and to what extent Ms. Do would respond to VW's requests. Ms. Do now seeks to use the close of discovery as a technical defense to producing relevant and responsive information. This type of gamesmanship is inconsistent with the spirit of the rules. *Giron v. Springboard Inc.*, 2021 WL 1598007, at *2 (D. Ariz. 2021) ("The policy behind the disclosure rules is not to create a 'weapon' for excluding [evidence] on a technicality.").

**Plaintiff Sara Do's Summary of Dispute**

VW's Summary (which is ten pages including exhibits) violates this Court's rule, which expressly limits the summary to one page per side. The Court's straightforward rule is meaningless if parties can simply attach whatever they want to include more information than they could provide in the single page allotted. Along with VW's disregard of the discovery cut-off, VW shows a pattern of believing that the rules do not apply to it.

VW makes no effort whatsoever to meet this Court's standard requiring "truly extraordinary circumstances" before the Court will entertain discovery disputes after the close of discovery. This is unsurprising, as no such "truly extraordinary circumstances" exist here. VW created its own timing problems and now seeks to end-run the rules. The only passing reference is to a vague allegation of "gamesmanship" and "technicalities." Adhering to the Court's schedule is neither. Discovery in this matter closed on October 20, 2023. As shown in Exhibit 1, VW did not request a telephonic meet and confer about this time-barred motion until November 28th, more than a month late. Worse, despite claiming that all of the delay was Do's fault, Exhibit 1 shows that ***VW's counsel "neglected" to reply to Do's email response for 12 days, which took the request from before the close of discovery to after***. VW's "neglect" cannot possibly meet the Court's truly extraordinary circumstances rule.

Finally, the additional materials requested are of marginal, if any, relevance. VW requested all of Do's cell phone records. Notwithstanding her objections to providing this personal information, Do expended considerable efforts obtaining them from her carrier and then produced all of the agreed-upon records, including all calls to Defendants or their representatives and Do's medical providers. VW now seeks records regarding calls Do made to other people, with no explanation as to how they would be relevant, and they are not. And the Kardia data VW seeks will require an invasive forensic restoration process, even though there is no serious dispute that Do suffers from a serious heart condition and that ASU and VW (through its agents) have long-since acknowledged Do's disability. This time-barred fishing expedition should be denied.

**Meet and Confer Certification**

Pursuant to the Honorable John J. Tuchi's standing order on discovery disputes, the parties hereby jointly certify that they have attempted to resolve the matter through personal consultation and sincere effort as required by LRCiv 7.2(j), but have reached an impasse. A conference on this matter was conducted by Microsoft Teams on December 1, 2023.

RESPECTFULLY SUBMITTED this 6th day of December, 2023.

**COPPERSMITH BROCKELMAN PLC**

By  s/  Jill J. Chasson
      Jill J. Chasson
      Andrew T. Fox
*Attorneys for Defendant Maricopa County Special Health Care District*

**AFFELD GRIVAKES LLP**

By  s/  Brian R. England
      Brian R. England

*Attorneys for Plaintiff Sara Do*