# EXHIBIT 1

| | |
|---|---|
| **From:** | Jill Chasson |
| **To:** | Brian R. England; Andrew Fox |
| **Cc:** | Adeline Black; Joshua Messer; Kristin Windtberg; Mary O"Grady; Diana Hanson; Michael Farrell |
| **Subject:** | RE: [External] Do v. ABOR et al - Deficiencies in Do"s Written Discovery Responses |
| **Date:** | Wednesday, November 29, 2023 8:32:18 AM |
| **Attachments:** | image001.png |

Thanks Brian.  I am going to send an invite for 4:00 pm on Friday.

**Jill Chasson**
O: 602.381.5481
M: 480.215.0860
jchasson@cblawyers.com

**From:** Brian R. England <bre@agzlaw.com>
**Sent:** Tuesday, November 28, 2023 4:20 PM
**To:** Jill Chasson <jchasson@cblawyers.com>; Andrew Fox <afox@cblawyers.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses [CB-MAINDOCS.FID308907]

**[EXTERNAL SENDER]**

Jill,

We hope you had a nice holiday.

I have been traveling and this week is tough, but we can have a further meet and confer on Friday afternoon.  I will try to make whatever time work for you available.

The issue is not the timeliness of the discovery requests.  The issue is that discovery is closed, as you pointed out in your opposition, and Judge Tuchi's order is quite express: "The Court will not entertain discovery disputes after the close of discovery absent truly extraordinary circumstances."  Seeking the identity of the small number of calls that Ms. Do made on July 24th, which we believe is completely irrelevant under any circumstances, falls far short of "truly extraordinary circumstances." But I am willing to talk to you on Friday consider your explanation to the contrary.

Brian

**From:** Jill Chasson <jchasson@cblawyers.com>
**Sent:** Tuesday, November 28, 2023 1:42 PM
**To:** Brian R. England <bre@agzlaw.com>; Andrew Fox <afox@cblawyers.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses [CB-MAINDOCS.FID308907]

Hi Brian,

Andrew has been tied up on another matter so I am getting back to you on this to ensure we keep the ball rolling.  We disagree with your position. We are not taking "additional fact discovery" or seeking "additional information," and we are not seeking to move any deadlines on the scheduling order.  Well before the close of discovery, Valleywise served RFPs on Ms. Do for Kardia device data and cell phone records. Ms. Do provided timely written responses and objections, and we then followed up with you regarding deficiencies in those responses.  After Ms. Do's heavily redacted phone records were finally produced on November 8, we followed up on that issue, too.  In short, we are trying to work with you to resolve issues with timely-served discovery.

In the hope that we can avoid sending this issue to Judge Tuchi for resolution, we'd like to schedule a meet and confer call.  Please let us know if you are available between 1-5 pm MST tomorrow afternoon.  If that time frame doesn't work, please

provide availability on Thursday and Friday so we can coordinate schedules.

Thanks,
Jill

**Jill Chasson**
O: 602.381.5481
M: 480.215.0860
jchasson@cblawyers.com

---

**From:** Brian R. England <bre@agzlaw.com>
**Sent:** Tuesday, November 21, 2023 1:06 PM
**To:** Andrew Fox <afox@cblawyers.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

**[EXTERNAL SENDER]**

Andrew,

As noted previously by the Defendants, under the current scheduling order discovery has closed and no additional fact discovery is to be taken, and changing that scheduling order would require good cause.  The additional information that you are seeking is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.  As such, it does not justify ignoring or changing the already past discovery deadlines.  If the Court grants our motion to file the supplemental complaint and re-opens discovery, then we will be happy to revisit this issue with you.  But for now, discovery is closed.

We hope everyone has a wonderful and safe holiday week.

Brian

---

**From:** Andrew Fox <afox@cblawyers.com>
**Sent:** Friday, November 17, 2023 1:32 PM
**To:** Brian R. England <bre@agzlaw.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

Brian – We have not heard anything further from you on the Kardia data. Does the process identified in my prior email work?  If so, when can we arrange for the work to proceed?

I also write to follow-up on Ms. Do's production of phone records. Valleywise's request sought all call records for the period between July 1, 2021 and August 31, 2021, and the identity of the individual associated with each number. After having had a chance to review the heavily redacted records, it appears that Ms. Do has only produced phone records for calls with Dr. Bednarek and four of Ms. Do's treating providers. Ms. Do's production fails to meaningfully respond to the request and is deficient.

As we previously indicated, "**At a minimum, Ms. Do's call activity on the entire day of July 24, 2021 is relevant, particularly given her difficulty at her deposition remembering what she did after she left Valleywise.**"  Ms. Do has alleged that she was in emotional distress when she left Valleywise. But she has testified to not recalling what, if anything, she did that day after leaving the hospital other than being nearly incapacitated because of her arrhythmia. *See, e.g.,* Do Depo. at 164:17-18 ("I don't remember what I did that day. I have no idea what I did for the rest of that day."); 392:19-20 ("I do not recall what I did that

day."). Given this lack of recall, other information and documents that would shed light on her post-rotation activities are relevant and discoverable. This includes exploring what, if any, calls she had that day and the participants in those calls. That information is probative as to the condition Ms. Do was in the remainder of that day, what she did, and who she communicated with. In an effort to compromise without the need of the court's assistance, we are willing to narrow the scope of our request to all calls on July 24th. But this requires that Ms. Do produce unredacted phone records for July 24th and identify the person that corresponds with each number.

Please let us know if you are agreeable to this compromise.

**Andrew T. Fox**

**Coppersmith Brockelman PLC**
Office: 602.381.5494 | Fax: 602.224.6020

2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn

The information contained in this transmission may be legally privileged and confidential information provided only for the intended recipient. If you are not the intended recipient, any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this message in error, please contact me by telephone immediately and return the original message to me, at the address above, via the United States Postal Service. You should check this email and any attachments for viruses; we can accept no liability for any damage caused by virus. Thank you.

---

**From:** Andrew Fox
**Sent:** Friday, November 10, 2023 1:44 PM
**To:** Brian R. England <bre@agzlaw.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

Brian – We provided your proposed conditions to our vendor. As you will see from their response, which I have included below, they are unable to comply with point #2. In light of this feedback, we'd agree that although the vendor will be able to image the entire phone, the vendor will only export and share Kardia data with the parties. In other words, the only one who will ever have the full set of phone data is the vendor. We will instruct the vendor to delete the phone imaging after the work is completed.

If we can agree on that process, the vendor will need to know the make/model of the phone and the phone passcode(s).

Happy to hop on a call to discuss.

> Our collection and export process cannot comply with point #2. We will limit our analysis/export to Kardia and Kardia-related data, but the collection process will require us to access and copy the entire phone, and all Kardia-related data may not be solely in one location in the device, so our forensics examiner will need to see/search more than just the Kardia app.
>
> Obviously, we aren't sharing/reporting on anything outside of the scope of the project, and any data that we hold/access is held securely and confidentially until we receive instructions to deliver the source data (the forensic image of the phone) or to delete it entirely.
>
> Assuming we are good to proceed, we can do the collection on Monday, November 13 at 11am MST at our Phoenix office. If that works for you, please confirm.
> - We will need the phone passcode(s);
> - We will need to know the make/model of the phone so that our forensics team can have the right equipment in place for collection.
>
> Please reach out if you have any questions.
>
> Best,
>
> Michael Warren
> Project Manager
>
> 
>
> Phone: 716-493-2056
> E-mail: michael.warren@teamavalon.com
> Web: www.teamavalon.com

Best regards,

**Andrew T. Fox**

**Coppersmith Brockelman PLC**
Office: 602.381.5494 | Fax: 602.224.6020

2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn

The information contained in this transmission may be legally privileged and confidential information provided only for the intended recipient. If you are not the intended recipient, any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this message in error, please contact me by telephone immediately and return the original message to me, at the address above, via the United States Postal Service. You should check this email and any attachments for viruses; we can accept no liability for any damage caused by virus. Thank you.

---

**From:** Brian R. England <bre@agzlaw.com>
**Sent:** Wednesday, November 8, 2023 5:15 PM
**To:** Andrew Fox <afox@cblawyers.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

**[EXTERNAL SENDER]**

Andrew,

Attached is our further production of the T-Mobile record, marked as Do_010402. A supplemental interrogatory response detailing the numbers provided is also attached.

With respect to the Kardia device, we will agree to your proposal regarding the forensic effort, subject to and without waiving our objection that all of this is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Three quick items:

- The place needs to relatively close to Ms. Do or needs to arrange to pick up the phone and return it to her. Her ability to drive is still limited;
- We have expressly agreed that no data other than the Kardia information will be accessed or copied in any way; and
- That is the only copy of the information, so please make clear to the service that they cannot allow the device to access the internet, or we risk losing the data for good.

Please let us know the name of the service and we can coordinate the transfer. Thank you.

Brian

---

**From:** Andrew Fox <afox@cblawyers.com>
**Sent:** Tuesday, November 7, 2023 2:06 PM
**To:** Brian R. England <bre@agzlaw.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

Brian – Circling back on this – does this process work for you? If so, please let me know as we have the third-party vendor lined up and ready to start.

Best,

**Andrew T. Fox**

**Coppersmith Brockelman PLC**
Office: 602.381.5494 | Fax: 602.224.6020

2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn

The information contained in this transmission may be legally privileged and confidential information provided only for the intended recipient. If you are not the intended recipient, any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this message in error, please contact me by telephone immediately and return the original message to me, at the address above, via the United States Postal Service. You should check this email and any attachments for viruses; we can accept no liability for any damage caused by virus. Thank you.

---

**From:** Andrew Fox
**Sent:** Tuesday, October 31, 2023 5:30 AM
**To:** Brian R. England <bre@agzlaw.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

Brian – It appears I neglected to respond to your email below. Here is the process we envisioned for retrieving the Kardia data. Once the vendor is retained, Sara Do would schedule a time to deliver her phone to the vendor at their address and, ideally, provide the brand and series of the phone in advance. She would drop it off in the morning and would need to provide the charging cable and the passcode. She would be able to pick it up that afternoon.  The vendor would only be authorized to access the kardia data.

Let me know if you are amenable to the process.

And, thank you for the update on the T-mobile records.

Best,

**Andrew T. Fox**

**Coppersmith Brockelman PLC**
Office: 602.381.5494 | Fax: 602.224.6020

2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn

The information contained in this transmission may be legally privileged and confidential information provided only for the intended recipient. If you are not the intended recipient, any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this message in error, please contact me by telephone immediately and return the original message to me, at the address above, via the United States Postal Service. You should check this email and any attachments for viruses; we can accept no liability for any damage caused by virus. Thank you.

---

**From:** Brian R. England <bre@agzlaw.com>
**Sent:** Thursday, October 19, 2023 11:30 AM
**To:** Andrew Fox <afox@cblawyers.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>; Michael Farrell <mfarrell@bfazlaw.com>
**Subject:** RE: Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

[EXTERNAL SENDER]

Andrew,

In an effort to streamline a response, I am responding to your points in red below:

---

**From:** Andrew Fox <afox@cblawyers.com>
**Sent:** Tuesday, October 17, 2023 11:40 AM
**To:** Brian R. England <bre@agzlaw.com>
**Cc:** Adeline Black <ab@agzlaw.com>; Jill Chasson <jchasson@cblawyers.com>; Joshua Messer <jmesser@omlaw.com>; Kristin Windtberg <kwindtberg@omlaw.com>; Mary O'Grady <mogrady@omlaw.com>; Diana Hanson <dhanson@cblawyers.com>
**Subject:** [External] Do v. ABOR et al - Deficiencies in Do's Written Discovery Responses

Brian –

After reviewing Ms. Do's responses to Valleywise's Second Set of Requests for Production (RFPs) and Second Set of Interrogatories (ROGs), we believe that several of the responses are deficient. To the extent that Ms. Do does not agree to supplement her responses as requested below, we request a meet and confer as soon as practicable.

<u>Call Records</u>

Valleywise's RFP No. 8 requests that Ms. Do: "Produce detailed call records (call logs) reflecting all calls made to and from all cellular phone(s) used by you between July 1, 2021 and August 31, 2021, including, but not limited to, the cellular phone purportedly used by you to call Dr. Salina Bednarek on July 24, 2021." That request is paired with ROG No. 11, which asks Ms. Do to "[i]dentify the individual or entity associated with each phone number to which you made a call, or from which you received a call, as listed in the Call Records produced in response to Request for Production No. 8."

To date, no such records have been produced. Ms. Do's October 9 response to ROG 11 indicates that T-Mobile had represented to Ms. Do (at an unspecified time) that records had been mailed to her. Please advise whether those records have now been received and can be produced with the requested identifying telephone number information. In that regard, Valleywise takes issue with Ms. Do's attempt to unnecessarily limit her responses to only those calls "made to and from agents of ABOR and Valleywise." Ms. Do has provided no explanation warranting this limitation, and we dispute that one exists. At a minimum, Ms. Do's call activity on the entire day of July 24, 2021 is relevant, particularly given her difficulty at her deposition remembering what she did after she left Valleywise. Additionally, the dates and times of calls to other relevant individuals, such as her parents and Robert Martinez, are relevant to statements she has made about when she experienced arrythmias and needed to seek medical treatment.

<span style="color:red">We have again reached out to T-Mobile and requested the records. They have promised to mail them again and we expect to receive them any day now. We will commit to producing them to you (in redacted form) within 24 hours of us receiving them. We will include any calls made to ABOR or Valleywise or medical providers. We will not produce call information to anyone else. Private phone calls that Ms. Do made unrelated to any of the events in this case are wholly irrelevant and the request is an inappropriate invasion of her privacy.</span>

<u>Kardia Readings</u>

Valleywise's RFP No. 9 requests that Ms. Do: "Produce all data from your Kardia device from September 1, 2020 through October 31, 2021, including, but not limited to, any electrocardiography and Kardia Determinations." In response, Ms. Do produced screen shots of a video (not produced), in which she purportedly scrolled through the EKG results. The photographs are blurry, often have an obstructed view, and lack information contained in downloaded copies of the EKG. We also have concerns that the date range provided is incomplete. Given Ms. Do's concerns about the data being inadvertently "overwritten," as set forth in her response to ROG. No. 12, Valleywise requests that Ms. Do provide the "old cell phone" she has identified to a third-party provider skilled in forensic data retrieval to seek recovery of the Kardia data. This provider will be paid for and selected by Defendants.

<span style="color:red">The screenshots that we produced were intended to give you as much information as we can get from the device without jeopardizing the data. We can have Ms. Do try again to get clearer images if possible. We undertook to do that even though this information is entirely irrelevant to the issue in the case. There is no serious dispute that Ms. Do suffered an adverse</span>

reaction to the shot and that she suffers heart issues as a result.  Through Ms. Do and subpoenas to her medical providers, the Defendants already have significant evidence confirming her heart condition, so our inclination is to produce additional screenshots if necessary and then to move on from this issue.  But in the interest of avoiding unnecessary headaches, please let me know if you have a specific process in mind for the "forensic data retrieval".  If that was limited to accessing only the Kardia information and none of Ms. Do's other private information (obviously at your expense), I am happy to discuss that with you.

Employment

Valleywise's ROG No. 13 requests that Ms. Do: "Provide a detailed description of all efforts you have made to find employment for the period following your graduation from the MEPN program." That request is paired with RFP No. 10, which asks Ms. Do to: "Produce all documents that relate to or support your answers to Interrogatory Nos. 13 and 14 of Valleywise Health's Second Set of Interrogatories to Plaintiff." Ms. Do's production primarily consists of emails confirming receipt of an application. She has not produced any of her actual applications or the job postings to which she responded. That information falls within RFP No. 10 and must be produced.

My understanding is that all of the applications Ms. Do has submitted have been online applications and she does not have copies of those applications or job postings to produce to you.

Moreover, in Ms. Do's response to ROG No. 13, she indicates that "Plaintiff has only received one job offer so far." This assertion is directly contradicted by Ms. Do's own August 29, 2023 email (Do_010286), in which she states: "I have received multiple job offers since my interview/job offer from Oasis and would like to consider all angles of each company." We request that Ms. Do supplement her responses to ROG No. 13 and RFP No. 10 to provide information as to the multiple job offers she has received.  Relatedly, Ms. Do's response to ROG No. 13 suggests that there was a series of communications between Ms. Do and Oasis regarding the two job offers described in that response.  To the extent that any of those communications are in writing, they are responsive and must be produced.

Ms. Do's interrogatory response is correct, she received only one job offer so far (from Oasis).  In the email that you cite, Ms. Do used imprecise language to refer to other potential jobs that she had applied to and informal discussions that she has had with other potential jobs.  So no additional responsive information is available.  I will confirm that we have produced all of the emails with Oasis, but I believe that is correct.

NCLEX

In response to Valleywise's ROG No. 14, Ms. Do indicates that she is scheduled to take the NCLEX and that her "approved accommodations notice and authorization to take the NCLEX were sent on September 18, 2023." Valleywise's RFP No. 10 asks, in relevant part, for Ms. Do to: "Produce all documents that relate to or support your answers to Interrogatory Nos. 13 and 14 of Valleywise Health's Second Set of Interrogatories to Plaintiff." Please supplement Ms. Do's RFP response to include documentation related to her response to ROG No. 14, including but not limited to the "notice" and "authorization" for accommodations for the NCLEX.

We will make a small, supplemental production today or tomorrow with the emails and documents related to NCLEX.

Best regards,

**Andrew T. Fox**

**Coppersmith Brockelman PLC**
Office: 602.381.5494 | Fax: 602.224.6020

2800 N. Central Ave., Ste. 1900, Phoenix, AZ 85004
cblawyers.com | Facebook | LinkedIn

The information contained in this transmission may be legally privileged and confidential information provided only for the intended recipient. If you are not the intended recipient, any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this message in error, please contact me by telephone immediately and return the original message to me, at the address above, via the United States Postal Service. You should check this email and any attachments for viruses; we can accept no liability for any damage caused by virus. Thank you.