**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Do, | No. CV-22-00190-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona State University, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Sara Do's Motion for Leave to File Supplemental Complaint (Doc. 84, Mot.), to which Defendant Arizona Board of Regents ("ABOR") filed a Response (Doc. 87, ABOR Resp.), Defendant Maricopa County Special Health Care District, d/b/a Valleywise Health ("Valleywise") filed a Response (Doc. 86, Valleywise Resp.), and Plaintiff filed a Reply (Doc. 88, Reply). In this Order, the Court will also address the Joint Summary of Discovery Dispute filed by Defendants and Plaintiff (Docs. 92, 93).[1] The Court will resolve the Motion and Discovery Dispute without oral argument. LRCiv 7.2(f).

## I.    Motion to File Supplemental Complaint

In the First Amended Complaint ("FAC"), filed April 5, 2022, Plaintiff alleged in relevant part that ABOR violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, by failing to reasonably accommodate her disability in her efforts to complete the Arizona State University ("ASU") Master of Nursing program. (Doc. 13, FAC Count 1.) Plaintiff also alleged in relevant part that ABOR and Valleywise violated

---

[1] The parties filed the same Joint Summary of Discovery Dispute twice. (Docs. 92, 93.)

Title II of the ADA by coercing, interfering with, and/or intimidating Plaintiff in her attempt to exercise her protected rights. (FAC Count 3.) ASU removed her from the Master of Nursing program in the summer of 2021.

Plaintiff now proposes to supplement the FAC with allegations regarding ABOR and Valleywise's conduct after Plaintiff returned to the Master of Nursing program in January 2023, from which she graduated on an unalleged date in 2023 before filing the proposed Supplemental Complaint. (Doc. 84 at 13-22, proposed Supplemental Complaint ("PSC").) Plaintiff argues that the new allegations demonstrate further violations of Title II of the ADA in Counts 1 and 3 of the FAC.

Federal Rule of Civil Procedure 15(d) provides that the Court may, "on motion and reasonable notice" as well as "just terms," permit a plaintiff to supplement a complaint to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The goal of Rule 15(d) is "judicial efficiency," determined by assessing "whether the entire controversy between the parties could be settled in one action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotations and citation omitted). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Id.* (internal quotations and citation omitted).

The Court's Scheduling Order (Doc. 40) in this case provided that the deadline for the parties to file motions to amend the complaint was November 18, 2022, and Plaintiff filed the present Motion for Leave to File Supplemental Complaint well after that deadline. Under the Rule 16 "good cause" standard, "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quotation omitted). And "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* Here, Plaintiff could not have filed her request for leave to supplement the FAC before the Scheduling

1  Order deadline because the alleged conduct Plaintiff requests to add to the FAC occurred
2  after the deadline. Plaintiff has thus shown good cause for the Court to extend the
3  Scheduling Order deadline to supplement the FAC.

4      A motion to supplement is akin to a motion to amend to the extent that leave to
5  amend is not appropriate if the amendment would cause prejudice to the opposing party, is
6  sought in bad faith, is futile, is the result of a repeated failure to cure deficiencies by
7  amendments previously allowed, or creates undue delay. *Foman v. Davis,* 371 U.S. 178,
8  182 (1962). "[I]t is the consideration of prejudice to the opposing party that carries the
9  greatest weight," and "absent prejudice or a strong showing of any of the remaining *Foman*
10 factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."
11 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party
12 opposing the amendment bears the burden of demonstrating that leave to amend is
13 inappropriate in light of the *Foman* factors. *Id.*

14     "A proposed amended complaint is futile if it would be immediately subject to
15 dismissal. Thus, the proper test to be applied when determining the legal sufficiency of a
16 proposed amendment is identical to the one used when considering the sufficiency of a
17 pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th
18 Cir. 2011) (quotations and citations omitted), *aff'd on reh'g en banc on other grounds,* 681
19 F.3d 1041 (9th Cir. 2012). To survive a Rule 12(b)(6) motion, a complaint must allege
20 "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*
21 *Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based
22 on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a
23 cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
24 1990).

25     Here, Valleywise argues that Count 3 of the PSC fails to meet Rule 8's requirement
26 that a pleading provide a "short and plain statement" of a claim because Count 3 employs
27 group pleading against the two Defendants, Valleywise and ABOR, and does not specify
28 what conduct Valleywise allegedly engaged in. (Valleywise Resp. at 4-5; PSC ¶¶ 38-40.)

In her Reply, Plaintiff states, "As is clear from the pleadings and discovery, Valleywise's involvement with Do ended in July 2021. As such, none of the additional facts alleged in the Supplemental Complaint about events in 2023 are directed against Valleywise." (Reply at 3 n.2.) A plain reading of the PSC reveals otherwise. Plaintiff repeatedly alleges facts directed at Valleywise in the PSC, including that Plaintiff was denied shorter clinical shifts even though "Valleywise personnel testified unambiguously that it makes no difference to them how long the students are there or if they leave early." (PSC ¶ 19.) And, "As a result of Plaintiff's attempt to exercise her rights, as guaranteed under Title II as to ASU and Valleywise, Plaintiff was coerced, interfered with, and intimidated by Defendants and their agents," including when "ASU and Valleywise actively placed her on clinical duty in areas unsuitable for Plaintiff . . . ." (PSC ¶¶ 38-39.)

Rule 15(d) only permits supplementation as to transactions, occurrences, or events that happened after the date of the pleading to be supplemented. Accepting Plaintiff's representation in her Reply as true that Valleywise had no involvement with Plaintiff after 2021, the PSC may not include new allegations against Valleywise. Such a supplement would be futile, and the Court will thus deny Plaintiff's request to file the PSC, but with leave to amend.

Again, Rule 15(d) is clear that the supplemental complaint shall include *only* new allegations, and it is apparent—as ABOR points out in its Response (ABOR Resp. at 4)— that Plaintiff takes the opportunity in the supplemental complaint to repeat much of what was in the FAC. For example, that repetition includes restating claims against "Individual Defendants," which claims the Court already dismissed. In any amended supplemental complaint, Plaintiff must remove all allegations already addressed in the FAC (or dismissed by the Court) and include only specific allegations as to ABOR's related conduct in 2023. That is all Rule 15(d) allows.

Moreover, a supplemental complaint may only add factual allegations related to an existing claim and may not raise a distinct new claim. *Planned Parenthood*, 130 F.3d at 402. The PSC includes some allegations that go beyond the claims brought in the FAC.

For example, Plaintiff alleges in the PSC that ABOR treated her unfairly on her last clinical shift in 2023 by failing to accommodate a new disability by way of an injury to her foot, ankle, and lower leg requiring her to wear a knee-high walking boot. ABOR's alleged failure to accommodate a new disability is not sufficiently related to the allegations in the FAC that ABOR failed to accommodate Plaintiff's arrythmia. At this stage of the litigation, a claim based on a new alleged disability must be brought in a separate lawsuit. Any amended supplemental complaint must not include allegations raising a new claim against ABOR.

Both ABOR and Valleywise contend that, if the Court does permit Plaintiff to file a supplemental complaint, they will be greatly prejudiced by the fact that Plaintiff will file the supplement after the close of discovery. In response, Plaintiff makes the specious argument that Defendants could have conducted discovery on the new allegations during the pre-existing discovery period. Of course they could not have. Discovery on allegations that Plaintiff had not yet brought would have been inappropriate.

Because the entire controversy between Plaintiff and Defendants related to ABOR's accommodation of Plaintiff's arrythmia can be resolved in this action, including Plaintiff's proposed new allegations against ABOR arising in 2023, Rule 15(d)'s goal of judicial efficiency will be met if the Court grants Plaintiff leave to file a supplemental complaint (properly amended to correct the defects identified above). But the Court agrees with Defendants that they must be entitled to additional discovery to meet the new allegations. Although Plaintiff appropriately agrees to an additional deposition related to the supplemental complaint, Plaintiff does not determine the scope of Defendants' additional discovery, as Plaintiff argues. Defendants do. Accordingly, the Court will order that, in conjunction with any amended Motion to File Supplemental Complaint, the parties shall file a joint proposed amended case management schedule. If the parties cannot agree on a schedule, the joint statement shall set forth each party's position.

## II.     Discovery Dispute

The parties filed a Joint Summary of Discovery Dispute (Docs. 92, 93) pursuant to the Court's Scheduling Order (Doc. 40 ¶ 9). Although the Scheduling Order limits the summary to one page per side, that page limit does not include attachments; indeed, none of the Court's page limits as provided in the Local Rules include attachments. (*E.g.* LRCiv 7.2(e)(1) (providing a motion may not exceed 17 pages "exclusive of attachments").) Defendants thus did not violate the Court's Order by providing attachments related to the summary of the discovery dispute.

With the backdrop of a fact discovery deadline of October 20, 2023 (Doc. 73), Valleywise timely served Plaintiff on September 8, 2023, with written discovery requesting Kardia data—records related to Plaintiff's heart monitor—and cell phone records. Plaintiff responded on October 9, 2023 with incomplete Kardia data and no cell phone records. On November 8, 2023, after the discovery deadline, Plaintiff supplemented with call records, albeit redacted, and agreed to Defendants' proposal for a data retrieval vendor to obtain the requested Kardia data. When Defendants followed up on November 21, 2023, Plaintiff claimed Valleywise was improperly seeking discovery after the deadline. (Doc. 93-1 at 3.) After failed attempts to resolve this dispute, the parties came to the Court.

Plaintiff cannot claim that the discovery dispute arose after the discovery deadline and does not meet the "extraordinary circumstances" standard by herself providing an insufficient response to a timely discovery request after the discovery deadline. Defendants have shown that their requests for Plaintiff's Kardia and cell phone data on July 24, 2021, are relevant and discoverable as they relate to Plaintiff's claim of arrythmia and emotional distress when she left Valleywise on that date, and Defendants' requests are adequately narrowly tailored. Accordingly, the Court will compel Plaintiff to produce the records and/or cooperate with Defendants' data retrieval vendor in obtaining the records.

Because the Court will reopen discovery and extend the dispositive motion deadlines if and when the Court grants Plaintiff leave to file a supplemental complaint, the parties will have the time to complete this pre-existing discovery.

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Leave to File Supplemental Complaint (Doc. 84) with leave to amend. As detailed in this Order, Plaintiff shall file an Amended Motion for Leave to File Supplemental Complaint and amended proposed supplemental complaint by January 5, 2024.

**IT IS FURTHER ORDERED** that the parties shall file a joint proposed amended case management schedule by January 5, 2024.

**IT IS FURTHER ORDERED** that, with regard to the parties' Discovery Dispute (Docs. 92, 93), Plaintiff shall provide complete Kardia data and cell phone records for July 24, 2021, and/or to cooperate with Defendants' data retrieval vendor in obtaining the data and records.

Dated this 13th day of December, 2023.

Honorable John J. Tuchi
United States District Judge