**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Do,<br><br>          Plaintiff,<br><br>v.<br><br>Arizona State University, *et al.*,<br><br>          Defendants. | No. CV-22-00190-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Arizona Board of Regents' (ABOR) Amended Motion for Summary Judgment (Doc. 133, MSJ), supported by an Amended Statement of Facts (Doc. 134 & Doc. 138 (under seal), DSOF). Plaintiff Sara Do filed a Response in opposition to the Motion (Doc. 147, Resp.), accompanied by a Second Amended Controverting Statement of Facts (Doc. 161, PSOF; Docs. 151-1–6 (Pl.'s evidence)), and ABOR filed a Reply (Doc. 163, Reply). The Court resolves the Motion without oral argument. LRCiv 7.2(f).

**I.     BACKGROUND**

Plaintiff enrolled in the Masters Entry to Nursing Practice (MEPN) program at the Edson College of Nursing and Health Innovation at Arizona State University (ASU) in the fall of 2020, during the first year of the COVID-19 pandemic. In December 2020, Plaintiff received a COVID-19 vaccination, and she avers it left her with "worsened arrythmias (episodes of irregular heartbeats)." (PSOF ¶ 78.) The following spring, she "contacted ASU's Student Accessibility and Inclusive Learning Services (SAILS) office to request

accommodations for her arrythmias, which were exacerbated by stress and lack of sleep." (PSOF ¶ 79.) Edson faculty provided a number of accommodations to Plaintiff but disapproved certain other accommodation requests because they would not ensure Plaintiff met the core competencies and requirements of the nursing program, such as the clinical rotation requirements, and because the COVID-19 pandemic presented multiple challenges to Edson faculty in providing clinical experiences for students. (*E.g.*, DSOF ¶¶ 4, 9, 10, 11, 18, 22, 23, 29, 32, 35, 52, 55.)

During the summer of 2021, after Plaintiff missed several clinical rotations in a course numbered NUR 478, Edson faculty proposed to Plaintiff that she take an incomplete in the course so that she could address her health concerns and "pick back up when she was able to do so without the need to retake the full course." (DSOF ¶¶ 25–27.) Plaintiff "declined to take an incomplete and asked for make-up clinical shifts." (DSOF ¶ 29.) Edson faculty then arranged make-up clinical opportunities at Defendant Maricopa County Special Health Care District, dba Valleywise Health. (DSOF ¶ 32.) During the first clinical make-up shift on July 24, 2021, Plaintiff avers she experienced arrythmias, and she left Valleywise before the shift was over and without ensuring anyone knew she was leaving. (PSOF ¶ 103; DSOF ¶¶ 40, 43.) Edson faculty then met with Plaintiff to inform her she would receive a failing grade in NUR 478 for failing to complete the required clinicals. (DSOF ¶ 44.)

Plaintiff took a leave of absence from the MEPN program from fall 2021 to fall 2022. (DSOF ¶¶ 48, 51.) After the COVID-19 pandemic had eased, she returned to the MEPN program in January 2023 and graduated in August 2023. (PSOF ¶ 109; Doc. 100, Supp. Compl. ¶¶ 2, 22 & n.8.) Plaintiff filed this lawsuit on February 3, 2022 (Doc. 1), and the operative pleadings are the First Amended Complaint (Doc. 13, FAC) and the Supplemental Complaint (Doc. 100, Supp. Compl.).

Defendant ABOR governs the Arizona public university system, including ASU, and is the proper litigation party when ASU's conduct is at issue. *See Lazarescu v. Ariz. State Univ.*, 230 F.R.D. 596, 601 (D. Ariz. 2005). As a result of the Court's Order (Doc. 32)

on ABOR's motion to dismiss, Plaintiff's remaining claims against ABOR are as follows: Count 1 – failure to accommodate a disability in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Count 3 – retaliation or interference with the exercise of ADA rights in violation of Title V of the ADA, 42 U.S.C. § 12203(b); and Count 6 – failure to accommodate a disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. (Doc. 13, FAC ¶¶ 59–67, 76–81, 96–100.) ABOR now moves for summary judgment on the remaining claims against it.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id.* at 1103. Summary judgment is appropriate against a party that "fails to make a showing

1  sufficient to establish the existence of an element essential to that party's case, and on
2  which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

3       In considering a motion for summary judgment, the court must regard as true the
4  non-moving party's evidence, as long as it is supported by affidavits or other evidentiary
5  material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest
6  on its pleadings; it must produce some significant probative evidence tending to contradict
7  the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57
8  (holding that the plaintiff must present affirmative evidence in order to defeat a properly
9  supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045
10 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on
11 conclusory allegations unsupported by factual data." (citation omitted)).

12 **III.   ANALYSIS**

13     **A.   Damages and Equitable Relief**

14      ABOR contends it is entitled to summary judgment on two independent grounds,
15 namely, no damages or other relief remain available to Plaintiff on her claims against
16 ABOR, and Plaintiff cannot identify a genuine issue of material fact demonstrating
17 ABOR's liability under the ADA or Rehabilitation Act. As for damages and other relief,
18 in the FAC, Plaintiff seeks "no less than $15 million" in compensatory damages as well as
19 injunctive relief and "such other and further relief as this court may deem just and proper."[1]
20 (FAC at 29–30.) The Court will examine the availability of each species of claimed
21 damages and other relief in turn.

22        **1.   Compensatory Damages**

23      To begin with, the parties agree that emotional distress damages are not available to
24 Plaintiff as a result of the Supreme Court's decision in *Cummings v. Premier Rehab Keller,*
25 *PLLC*, 596 U.S. 212 (2022). (MSJ at 4–5; Resp. at 9.) But in her Response (Resp. at 9),
26 Plaintiff argues she also sought compensatory damages in the FAC in the form of lost salary
27 and diminished earning capacity by alleging ABOR

---

[1] On ABOR's motion to dismiss, the Court dismissed Plaintiff's claim for punitive damages. (Doc. 32.)

- 4 -

> violated Title II of the ADA by failing to provide reasonable accommodations to Plaintiff; altering Plaintiff's schedules and requirements to prevent her from completing her program on the basis of her disability and retaliating against her for seeking accommodations; denying her the benefit of the advanced degree she was in the process of earning; and constructively removing her from the Masters of Nursing program as a result of the disability she suffered as a result of ASU's own vaccination requirements.

(FAC ¶ 65.) Indeed, in the FAC, Plaintiff also explicitly alleged she suffered "immediate and long-term reputational harm" and "the loss of a salary of between $150,000 and $300,000 per year that she expected to earn with her Master's degrees." (FAC ¶ 13.) Although Plaintiff rejoined the MEPN program in January 2023 and graduated later that year (Supp. Compl. ¶¶ 2, 22 & n.8), Plaintiff now asserts she "was delayed a year and a half" in "gaining employment as a nurse," entitling her to lost salary on a finding of ABOR's liability on her Title II or Rehabilitation Act claims. (Resp. at 9.)

In reply, ABOR contends that the Court should not permit Plaintiff to seek lost salary as a sanction under Federal Rule of Civil Procedure 37(c)(1) because she failed to disclose to ABOR a computation of lost salary in contravention of the requirement to disclose a "computation of every category of damages claimed by the disclosing party" under Rule 26(a)(1)(A)(iii). (Reply at 3.) Rule 37(c)(1) provides, where a party fails to make a required disclosure, "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiff does not dispute that she never disclosed a computation of lost salary to ABOR, but she argues her failure to do so was justified because it "was not intentional." (Resp. at 10.) She further argues her failure to meet the computation-of-damages disclosure requirement was harmless because her salary has been "fully explored in discovery" and "caused no prejudice to ABOR." (Resp. at 10.)

Plaintiff has not shown her failure to meet the Rule 26(a)(1)(A)(iii) disclosure requirement was substantially justified. In her Supplemental Responses to ABOR's First Set of Special Interrogatories, dated July 6, 2023—well before the 2024 discovery

deadlines (Docs. 73, 101)—Plaintiff stated that, "[i]n order to properly calculate [her] damages, she will require expert testimony to evaluate various factors including the harm done to her reputation and her earning potential. . . . Plaintiff will provide an updated calculation of her damages at such time that a calculation is possible once she has retained an expert and once potentially mitigating factors have played out." (Doc. 134-8 at 409–10, DSOF Ex. 36 at 18–19.) It is undisputed that Plaintiff never retained an expert to consider the factors she identified and never provided a computation of lost salary or any other form of compensatory damages. And Plaintiff never requested an extension of time to make the disclosure and now provides no excuse for failing to do so.

In an attempt to meet her burden to show the failure to disclose a computation of her lost salary damages was harmless, Plaintiff states in her Response that her lost salary "has been explored at length during discovery" and "ABOR has deposed Do on this issue" (Resp. at 9), but Plaintiff provides no citation to a deposition or other discovery in support of these conclusory statements. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). The citation Plaintiff does provide is to her own Declaration, dated August 16, 2024, which states, "I currently earn[] $42.50 an hour" and "[a]long with the emotional and physical toll that the Defendants' conduct took on me, I also lost at least a year's worth of income, and also had to deal with having a failing grade on my transcript." (Resp. at 9 (citing PSOF ¶ 129; Doc. 151-1, Do Decl. ¶ 28).)[2]

Plaintiff's statement in her unsigned Declaration is not a computation of a category of damages under Rule 26(a)(1)(A)(iii). The statement does not provide sufficiently detailed or reliable evidence from which a factfinder can calculate her alleged lost salary or diminished earning capacity damages, let alone does it provide ABOR with sufficient information to prepare a defense to Plaintiff's damages allegation. Plaintiff herself represented that, to calculate alleged lost salary, a factfinder would require an expert

---

[2] The Declaration is unsigned (Doc. 151-1 at 7), such that even if the Court found the statement was an attempt at a computation—which the Court does not find—the statement was not made under penalty of perjury as required by 28 U.S.C. § 1746.

- 6 -

opinion as to Plaintiff's reputation and earning potential both at the time she would have graduated and at the time she did graduate (Doc. 134-8 at 409–10, DSOF Ex. 36 at 18–19), and a factfinder would also have to consider economic factors such as the job market at different points in time. The statement Plaintiff made in her Declaration is far from meeting the essential purpose of the damages computation disclosure rule, and ABOR has suffered harm in the preparation of its case as a result. *See Mariscal v. Graco, Inc.*, 2014 WL 4245949, at *2 (N.D. Cal. Aug. 27, 2014) (concluding "Plaintiff may no longer seek lost wages/diminished earning capacity" because the failure to "provide any computation of lost income or diminished earning capacity . . . has denied Defendant the opportunity to adequately conduct discovery and prepare a defense on this claim," and "without such evidence, Plaintiff can rely only on speculation to prove lost wages or earning capacity" which "cannot provide a reasonable basis for the computation of damages"); *In re Gorilla Companies, LLC*, 454 B.R. 115, 120 (D. Ariz. Mar. 11, 2011); *Estate of Gonzalez v. Hickman*, 2007 WL 3237635, at *5 (C.D. Cal. June 28, 2007). As a result, Plaintiff has not shown her failure to meet the Rule 26(a)(1)(A)(iii) disclosure requirement was harmless.

In her Response, Plaintiff cites cases stating that exclusion sanctions "should be imposed only in rare circumstances." (Resp. at 10 (citing, *inter alia*, *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)).) "Rare circumstances" is not a legal standard; it is a comment of a statistical nature. The Court's role is to determine whether Plaintiff has met the requirements of Rules 26 and 37. The Ninth Circuit has recognized that "[c]ourts have upheld the [exclusion] sanction even when a litigant's entire cause of action or defense has been precluded." *Yeti by Molly, Ltd.*, 259 F.3d at 1106 (concluding "even though the [party failing to disclose] never violated an explicit court order to produce the . . . report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)").

Thus, as a result of her failure to disclose a computation of her alleged lost salary damages as required by Rule 26(a)(1)(A)(iii), Plaintiff cannot "supply evidence on a

- 7 -

motion, at a hearing, or at a trial" under Rule 37(c)(1) as to this category of damages.[3] *Hoffman v. Constr. Protective Servs., Inc.* 541 F.3d 1175, 1179–80 (9th Cir. 2008) (affirming district court's exclusion of damages evidence at trial because "[d]isclosure of damage calculations was mandated under Rule 26(a)"); *Yeti by Molly, Ltd.*, 259 F.3d at 1107. Thus, no compensatory damages are available to Plaintiff on her claims.[4]

### 2. Nominal Damages

The parties also agree that injunctive relief is no longer available to Plaintiff because, after a three-semester leave of absence, she returned to the MEPN program in January 2023 and graduated later that year. (MSJ at 3–4; Resp. at 11.) As a result, ABOR argues that no sources of relief remain for Plaintiff to obtain even if she were to prevail on liability, rendering her claims moot. (MSJ at 2; Reply at 1 (citing *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003)).) But Plaintiff contends her catch-all allegation in the FAC that the Court award "such other and further relief as this court may deem just and proper" (FAC at 30) entitles her to seek nominal damages such that her claims are not moot. (Resp. at 11.)

### a. Title V of the ADA

With respect to Plaintiff's claim of retaliation or interference under Title V of the ADA, such claims are "redressable only by equitable relief" for which "no jury trial is available." *Alvarado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009). Although no injunctive relief is available to Plaintiff here, she contends that her case is

---

[3] The exclusion portion of Rule 37(c)(1) does not require that the Court give the party failing to disclose another opportunity to be heard, but even if one were required here, Plaintiff had and took the opportunity to be heard in her Response. (Resp. at 9–10.)

[4] As discussed *infra*, compensatory damages are not available on Plaintiff's claim brought under Title V of the ADA, but they would be available on her Rehabilitation Act and Title II claims. Even if Plaintiff had properly disclosed computations of her alleged compensatory damages, a claim of compensatory damages requires a plaintiff to show the *mens rea* of deliberate indifference on the part of the defendant in Rehabilitation Act and Title II cases. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 969 (9th Cir. 2021). The Court agrees with ABOR (MSJ at 19–21) that, upon review of the evidence, Plaintiff has not raised a genuine issue of material fact to show that ABOR acted with deliberate indifference such that she would be able to recovery compensatory damages on her Rehabilitation Act and Title II claims. Plaintiff's prayer for compensatory damages fails for this additional reason.

akin to the "unique circumstances" presented in *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853, 874 (9th Cir. 2017), in which the court concluded that "complete justice may require a district court to award nominal damages as equitable relief." There, an employee of the defendant filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging the defendant interfered with his ADA rights by imposing a mandatory arbitration agreement. *Id.* The employee waited six years for an EEOC right-to-sue letter, "including four years *after* the EEOC determined there was reasonable cause to believe [the defendant] had discriminated against him in violation of the ADA." *Id.* Meanwhile, the employee brought a second, similar action against the defendant based on subsequent conduct, and the district court resolved that case in the employee's favor, which decision was affirmed by the Ninth Circuit, essentially mooting the injunctive relief sought in the first action. *Id.* The district court thus dismissed the first action as moot, since no injunctive relief was still available, but the Ninth Circuit reversed and remanded, finding nominal damages can be awarded as an equitable remedy in this context and describing the arduous path the employee had traveled to seek relief on his claim of ADA interference. The court concluded that the "unique circumstances of this case illustrate that complete justice may require a district court to award nominal damages as equitable relief," and because the plaintiff had argued he was entitled to nominal damages in opposing summary judgment, the action was not moot.[5]  *Id.* at 869, 874.

The Court agrees with ABOR (Reply at 4–5) that no such unique circumstances exist here. As a general proposition, "a claim for nominal damages, extracted late in the day from [the plaintiff's] general prayer for relief and asserted solely to avoid otherwise certain mootness, [bears] close inspection." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997); *see also Bayer*, 861 F.3d at 869. It is undisputed that Plaintiff's Title

---

[5] In seeking nominal damages as equitable relief for his Title V claim, the plaintiff in *Bayer*, like Plaintiff in this case, "asserted a claim for . . such other relief as the district court deemed proper" and "explicitly argued he was entitled to nominal damages in opposing summary judgment before the district court," such that the Ninth Circuit permitted the claim for nominal damages as equitable relief to stand. *Bayer*, 861 F.3d at 869.

- 9 -

V claim for injunctive relief is moot because ASU and Plaintiff reached an agreement that satisfactorily provided Plaintiff accommodation to complete the MEPN program while ASU was able to uphold the applicable educational standards. Although under *Bayer*, nominal damages are available to a district court as an equitable remedy to ensure a plaintiff receives "complete justice" for the "violation of a statute intended to safeguard civil rights," *Bayer*, 861 F.3d at 874, nominal damages as equitable relief are not automatic. Where, as here, the parties quickly came to an agreement to address the alleged violation, which achieved the injunctive relief Plaintiff sought within a year of bringing the lawsuit, complete justice does not mandate nominal damages as a matter of equity.[6] *See id.*; *Brooke v. A-Ventures, LLC*, 2017 WL 5624941, at *5 (D. Ariz. Nov. 22, 2017) (stating that, even if the court were to reach the question of nominal damages as equitable relief, the court would find complete justice did not require them because, unlike in *Bayer*, the defendant "promptly remedied the ADA violation at issue"). Because no source of relief remains, Plaintiff's claim under Title V of the ADA is moot.[7] *See Foster*, 347 F.3d at 745; *Garcia v. Ductoc*, 2021 WL 12178446, at *3 (C.D. Cal. Nov. 16, 2021).

### b.     The Rehabilitation Act and Title II of the ADA

As for Plaintiff's claims that ABOR failed to accommodate her alleged disability under the Rehabilitation Act and Title II of the ADA, both legal damages and equitable relief are available upon a finding of liability. *See Doherty v. Bice*, 101 F.4th 169, 172–75 (2d Cir. 2024). Plaintiff again concedes emotional damages[8] and injunctive relief are

---

[6] In her Response, Plaintiff also conclusorily argues that she should be entitled to seek nominal damages because, by bringing this lawsuit, she "has revealed broader problems with the way that ABOR and its governed institutions engage with disabled students." (Resp. at 11.) Plaintiff has proffered no evidence to support that statement, and it is undisputed that this case is grounded in Defendants' efforts to deal with the changing and uncertain environment of the COVID-19 pandemic and the corresponding emergency measures put into place, particularly in providing health care and, by extension, health care education. (*E.g.*, PSOF ¶¶ 1, 2, 4, 13, 14, 35, 52, 55, 83, 85, 93, 100; DSOF ¶¶ 9, 10, 11, 12, 13, 14, 15, 23, 35, 52, 53, 55.)

[7] Plaintiff does not argue, and the Court does not find, that the "capable of repetition, yet evading review" exception to the mootness doctrine applies here. *See Foster*, 347 F.3d at 746.

[8] "Because recovery for emotional damages is unavailable under the Rehabilitation Act's cause of action, . . . such recovery is likewise unavailable under Title II of the ADA,

- 10 -

unavailable, and she never made the required disclosures for lost salary and reputational harm, so the only remaining possible source of damages is Plaintiff's now-claimed nominal damages. The case law after *Bayer* does not clarify whether nominal damages in the context of the Rehabilitation Act and Title II of the ADA can be a form of equitable relief the Court can award if complete justice so requires. *See Bayer*, 861 F.3d at 871–73 (stating "nominal damages may be legal or equitable" and "[c]ompensatory and nominal damages serve distinct purposes," where compensatory damages "compensate for a proven injury or loss," but "nominal damages are divorced from any compensatory purpose" and instead "are awarded to vindicate rights, the infringement of which has not caused actual, provable injury" as well as "to clarify the identity of the prevailing party" (internal quotations and citations omitted)). To the extent nominal damages can be awarded as equitable relief in this context, as Plaintiff asserts (Resp. at 12), the analysis under Title V, *supra*, applies with equal force to these claims; this is not a case in which nominal damages as equitable relief are merited.

Plaintiff argues that "the types of damages recoverable under the [Rehabilitation Act], and by extension Title II of the ADA, are informed by damages traditionally available for breach of contract," and "[n]ominal damages are recognized as a remedy under traditional contract law." (Resp. at 11–12 (quoting *Cummings*, 596 U.S. at 226 (internal quotation marks omitted), and citing the Restatement (Second) of Contracts § 346).) Once again, Plaintiff does not explicitly seek nominal damages in the FAC and only raises them now as a source of damages to try to avoid mootness.

Plaintiff's late request for nominal damages extracted from a general prayer for damages again bears close inspection. *Arizonans for Official English*, 520 U.S. at 71. The Second Circuit recently considered a case very similar to the present one in which a college student sought injunctive relief and emotional distress damages against his college under Title II of the ADA. *Doherty*, 101 F.4th at 170–71. As in the present case, the plaintiff's emotional distress damages were unavailable under the Supreme Court's decision in

---

which explicitly borrows the 'remedies, procedures, and rights' of the Rehabilitation Act." *Doherty*, 101 F.4th at 174–75 (citing *Cummings*, 596 U.S. at 219–20).

- 11 -

*Cummings* and his request for injunctive relief expired upon his graduation. *Id.* at 171. And as in this case, throughout the course of the litigation—in that case, five years—the plaintiff had only pursued damages "grounded in emotional distress" and only asserted that his generic claim for other damages included those "analogous to breach of contract damages" when the sources of damages he had pursued were no longer available. *Id.* at 175. That court affirmed the district court's decision to grant the defendant's motion for judgment on the pleadings, denying the plaintiff's "unconvincing attempt to reframe the emotional damages claim as a claim for contractual damages." *Id.* Although the plaintiff there did not explicitly raise nominal damages until the appeal, the request for nominal damages arose from the very breach-of-contract damages he sought too late in the district court.

Similarly, here, Plaintiff now seeks nominal damages as a species of "damages traditionally available for breach of contract." (Resp. at 11–12.) But Plaintiff never raised these damages as legal damages in the FAC or throughout discovery, instead pursuing only emotional distress damages, and she seeks them now only to try to save her Rehabilitation Act and Title II claims. As the *Doherty* court concluded, this Court finds Plaintiff's late request does not pass close inspection in this instance. Accordingly, Plaintiff's claims under the Rehabilitation Act and Title II of the ADA are likewise moot.[9] *See Foster*, 347 F.3d at 745.

### B. *Daubert* Motions

ABOR also brought Motions to Exclude testimony of Plaintiff's experts as to her alleged emotional distress damages (Doc. 120 (Dr. Taylor); Doc. 122 (Dr. Weiss)) and her expert as to whether ABOR met the requirements of the ADA (Doc. 121 (Dr. Schwartzberg)). Because the Court finds Plaintiff's claims against ABOR are moot, these motions are likewise moot with respect to ABOR. But because Valleywise filed a Joinder (Doc. 123) to the Motion to Exclude Dr. Weiss's testimony (Doc. 122), the Court

---

[9] Because the Court resolved ABOR's motion on the question of damages, the Court did not need to consider the substance of the evidence to which Plaintiff objected (Doc. 146), and the Court thus overrules those objections as moot.

will address that Motion in resolving Valleywise's Motion for Summary Judgment (Doc. 116).

**IT IS THEREFORE ORDERED** granting Defendant Arizona Board of Regents' Amended Motion for Summary Judgment (Doc. 133).

**IT IS FURTHER ORDERED** denying as moot Defendant Arizona Board of Regents' *Daubert* Motion to Exclude Testimony of Dr. Eddie Taylor (Doc. 120).

**IT IS FURTHER ORDERED** denying as moot Defendant Arizona Board of Regents' *Daubert* Motion to Exclude Testimony and Report of Dr. Joseph Schwartzberg (Doc. 121).

Dated this 20th day of March, 2025.

Honorable John J. Tuchi
United States District Judge