**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sara Do,

Plaintiff,

v.

Arizona State University, *et al.*,

Defendants.

No. CV-22-00190-PHX-JJT

**ORDER**

At issue is Defendant Maricopa County Special Health Care District, dba Valleywise Health's (Valleywise) Motion for Summary Judgment (Doc. 116, MSJ), supported by a Statement of Facts (Doc. 118 & Doc. 129 (under seal), DSOF). Plaintiff Sara Do filed a Response in opposition to the Motion (Doc. 144, Resp.), accompanied by a Second Amended Controverting Statement of Facts (Doc. 160, PSOF; Docs. 152-1–6 (Pl.'s evidence)), and Valleywise filed a Reply (Doc. 166, Reply). The Court resolves the Motion without oral argument. LRCiv 7.2(f).

## I. BACKGROUND

Plaintiff enrolled in the Masters Entry to Nursing Practice (MEPN) program at the Edson College of Nursing and Health Innovation at Arizona State University (ASU) in the fall of 2020, during the first year of the COVID-19 pandemic. In December 2020, Plaintiff received a COVID-19 vaccination, and she avers it left her with "worsened arrythmias (episodes of irregular heartbeats)." (PSOF ¶ 102.) The following spring, she "contacted ASU's Student Accessibility and Inclusive Learning Services (SAILS) office to request

accommodations for her arrythmias, which were exacerbated by stress and lack of sleep." (PSOF ¶ 103.) Edson faculty provided a number of accommodations to Plaintiff but disapproved certain other accommodation requests because they would not ensure Plaintiff met the core competencies and requirements of the nursing program, such as the clinical rotation requirements, and because the COVID-19 pandemic presented multiple challenges to Edson faculty in providing clinical experiences for students. (*E.g.*, Doc. 134, Ariz. Bd. of Regents (ABOR) Statement of Facts (SOF) ¶¶ 4, 9, 10, 11, 18, 22, 23, 29, 32, 35, 52, 55.)

During the summer of 2021, after Plaintiff missed several clinical rotations in a course numbered NUR 478, Edson faculty proposed to Plaintiff that she take an incomplete in the course so that she could address her health concerns and "pick back up when she was able to do so without the need to retake the full course." (ABOR SOF ¶¶ 25–27.) Plaintiff "declined to take an incomplete and asked for make-up clinical shifts." (ABOR SOF ¶ 29.) Edson faculty then arranged make-up clinical opportunities at Valleywise. (ABOR SOF ¶ 32.) During the first clinical make-up shift on July 24, 2021, Plaintiff avers she experienced arrythmias, and she left Valleywise before the shift was over and without ensuring anyone knew she was leaving. (PSOF ¶ 129; DSOF ¶ 68.) Edson faculty then met with Plaintiff to inform her she would receive a failing grade in NUR 478 for failing to complete the required clinicals. (ABOR SOF ¶ 44.) Plaintiff took a leave of absence from the MEPN program from fall 2021 to fall 2022. (ABOR SOF ¶¶ 48, 51.) After the COVID-19 pandemic had eased, she returned to the MEPN program in January 2023 and graduated in August 2023. (Doc. 100, Supp. Compl. ¶¶ 2, 22 & n.8.)

Plaintiff filed this lawsuit on February 3, 2022 (Doc. 1), and the operative pleadings are the First Amended Complaint (Doc. 13, FAC) and the Supplemental Complaint (Doc. 100, Supp. Compl.). In the FAC, Plaintiff brings the following claims against Valleywise: Count 2 – failure to accommodate a disability in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Count 3 – retaliation or interference with the exercise of ADA rights in violation of Title V of the ADA, 42 U.S.C.

§ 12203(b); Count 5 – failure to accommodate a disability in violation of the Arizonans with Disabilities Act, A.R.S. § 41-1492 *et seq.*; Count 6 – failure to accommodate a disability in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Count 7 – intentional infliction of emotional distress under Arizona law; and Count 8 – negligent infliction of emotional distress under Arizona law. (FAC ¶¶ 68–81, 89–111.) Plaintiff also brought claims against Defendant ABOR, which governs the Arizona public university system, including ASU; the Court granted summary judgment to ABOR on Plaintiff's claims against it in a prior Order (Doc. 168). In this Order, the Court resolves Valleywise's request for summary judgment on all the claims against it.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden of

production, the nonmoving party must produce evidence to support its claim or defense. *Id*. at 1103. Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

## III. ANALYSIS

In the Order resolving ABOR's motion for summary judgment, the Court found Plaintiff's claims under the Rehabilitation Act and Titles II and V of the ADA to be moot, because no damages remain for Plaintiff to obtain for those claims. (Doc. 168.) The Court's reasoning in that Order applies with equal force to the same claims Plaintiff brought against Valleywise, so Valleywise is entitled to summary judgment on those claims as well.

Plaintiff also brought a claim against Valleywise under the Arizonans with Disabilities Act.[1] The Arizona legislature intended the Arizonans with Disabilities Act,

[1] Confoundingly, in the FAC, Plaintiff brought claims against Valleywise under Title II of the ADA, 42 U.S.C. §§ 12131(1)(B) and 12132, for failure to accommodate a disability by a public entity (FAC ¶¶ 68–75), but also under A.R.S. § 41-1492.02, the section of the Arizonans with Disabilities Act addressing failure to accommodate a disability in a place of public accommodation (FAC ¶¶ 89–95). Indeed, Plaintiff brought the same inconsistent claims against ASU (ABOR) in the FAC (FAC ¶¶ 59–67, 82–88), but the Court dismissed the claim under the Arizonans with Disabilities Act on ABOR's motion to dismiss (Doc. 32). The provision of the Arizonans with Disabilities Act that is analogous to Title II of the ADA is A.R.S. § 41-1492.01, not § 41-1492.02. In its Motion for Summary Judgment, Valleywise stated that Plaintiff's claim under the Arizonans with Disabilities Act was analogous to her Title II and Rehabilitation Act claims (MSJ at 6 n.3), and Plaintiff did not contest that statement in her Response. Indeed, Plaintiff only makes arguments pertaining to Title II of the ADA in her briefing. (Resp. at 7–12.) The Court thus accepts the premise that Plaintiff's claim against Valleywise was indeed brought under §

A.R.S. § 41-1492.01, to be analogous to Title II of the ADA because A.R.S. § 41-1492.01(A) explicitly dictates that all buildings and facilities used by public entities must conform to Title II of the ADA. *Payne v. Arpaio*, No. CV-09-1195-PHX-NVW, 2009 WL 3756679, at *10 (D. Ariz. Nov. 4, 2009). And Title II of the ADA incorporates the same rights, remedies, and procedures as the Rehabilitation Act. *Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999); *Madden-Tyler v. Maricopa Cnty.*, 943 P.2d 822, 828 (Ariz. Ct. App. 1997). As a result, under the reasoning of the Court's prior Order (Doc. 168), Valleywise is entitled to summary judgment on Plaintiff's claims under Title V of the ADA, the Rehabilitation Act, Title II of the ADA, and the analogous Arizonans with Disabilities Act.

Two state-law claims remain against Valleywise, for intentional infliction of emotional distress and negligent infliction of emotional distress (FAC ¶¶ 101–11), neither of which the Court has addressed in the course of this litigation. Valleywise did not seek to dismiss these claims in a motion to dismiss. In the briefing on ABOR's motion to dismiss, Plaintiff conceded she could not pursue her state law claims against ABOR in federal court without a waiver, which she did not obtain, so the Court dismissed those claims against ABOR and declined to exercise supplemental jurisdiction over Plaintiff's state law claims against the individual university defendants. (Doc. 32 at 4–5.)

Likewise, in the absence of federal claims against Valleywise, the Court now declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against Valleywise. District courts generally have supplemental jurisdiction over state law claims forming "part of the same case or controversy" as federal claims, but there are circumstances in which "[t]he district court may decline to exercise [this] jurisdiction," including when all federal claims have been dismissed. *See* 28 U.S.C. § 1367(a), (c). The decision is discretionary, and, if one of the § 1367(c) circumstances is present, "the exercise of discretion [is] triggered." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist.*

41-1492.01, like her Title II and Rehabilitation Act claims, for discrimination by a public entity in the provision of services, programs, or activities.

*of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), overruled on other grounds by *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Section 1367 plainly vests this discretion with the district court. 28 U.S.C. § 1367(c); *see also Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion."); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992) (providing that once all federal claims are dismissed, the exercise of jurisdiction over state law claims "is within the discretion of the federal district court" (emphasis added)), overruled on other grounds by *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (*en banc*).

Specifically, 28 U.S.C. § 1367(c)(3) provides that "the district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it had original jurisdiction.'" Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Martin v. Kamalu-Staggs*, 87 F.3d 1320 (Table), 1996 WL 297626, at *2 (9th Cir. June 4, 1996) (unpublished) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Unless "considerations of judicial economy, convenience and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

To begin with, comity strongly favors declining jurisdiction, as Plaintiffs would now proceed exclusively on state law intentional or negligent infliction of emotional distress claims. Second, judicial economy does not mandate retaining jurisdiction, as the proceedings before this Court to date have focused exclusively on the federal disability discrimination and retaliation claims, and the Court has not performed any substantive legal analysis of the remaining state law claims. Lastly, proceeding in state court would not be

unduly inconvenient or unfair to the parties; they have already completed discovery and can prepare focused summary judgment briefing on the two remaining state law claims. The supplemental jurisdiction statute provides that the period of limitations for Plaintiff's remaining state law claims "shall be tolled while the claim is pending and for a period of 30 days after [they] are dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). Because the balance of factors disfavors exercising supplemental jurisdiction, the Court in its discretion declines to do so here. *See Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (stating it is "generally preferable" for district courts to decline exercising supplemental jurisdiction when the state law claims are dismissed before trial).

**IT IS THEREFORE ORDERED** granting in part Defendant Maricopa County Special Health Care District, dba Valleywise Health's Motion for Summary Judgment (Doc. 116). This Defendant is entitled to summary judgment on Plaintiff's claims under Title V of the ADA, the Rehabilitation Act, Title II of the ADA, and the analogous Arizonans with Disabilities Act (Counts 2, 3, 5, and 6). Plaintiff's state law claims of intentional infliction of emotional distress and negligent infliction of emotional distress (Counts 7 & 8) against this Defendant are dismissed without prejudice.

**IT IS FURTHER ORDERED** denying as moot Defendant Arizona Board of Regents' *Daubert* Motion to Exclude Testimony and Report of Dr. Diane Weiss (Doc. 122), to which Defendant Maricopa County Special Health Care District, dba Valleywise Health, joined (Doc. 123).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment in favor of Defendant Arizona Board of Regents on all of Plaintiff's claims against it, and in favor of Defendant Maricopa County Special Health Care District, dba Valleywise Health, on Counts 2, 3, 5, and 6 of the First Amended Complaint (Doc. 13). Counts 7 & 8 of the First Amended Complaint against Defendant Maricopa County Special Health Care District, dba Valleywise Health, are dismissed without prejudice. And all claims against the individual Defendants in their individual capacity—Kimberly Day, Salina Bednarek

and Joshua Bednarek, Margaret Morris and Phillip Morris, and Candace Keck and Johnathan Keck—were dismissed without prejudice in the Court's September 14, 2022 Order (Doc. 32).

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case.

Dated this 24th day of March, 2025.

Honorable John J. Tuchi
United States District Judge