Michael J. Farrell, 015056
mfarrell@bfazlaw.com
**Beyers Farrell PLLC**
99 East Virginia Ave., Ste. 140
Phoenix, AZ 85004-1123
Tel. (602) 738-3022

Brian R. England, 211335
bre@aejlaw.com
**AFFELD ENGLAND & JOHNSON LLP**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Tel.(310) 979-8700

*Attorneys for Plaintiff, Sara Do*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Sara Do, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents, an Arizona State Entity; Maricopa County Special Health Care District,<br><br>　　　　　Defendant. | Case No.: 2:22-cv-00190-JJT<br><br>**PLAINTIFF SARA DO'S OBJECTIONS TO DEFENDANT ARIZONA BOARD OF REGENTS' BILL OF COSTS**<br><br>Judgment: March 24, 2025 |

**OBJECTION TO DEFENDANT'S BILL OF COSTS**

Pursuant to LRCiv 54.1(b), Plaintiff Sara Do ("Do") hereby objects to certain portions of the Bill of Costs filed by Defendant Arizona Board of Regents ("ABOR") as follows:

**A.   Fees for Service of Summons and Subpoenas.**

Under LRCiv 54.1(a), the bill of costs submitted by a prevailing party "shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached."

The costs ABOR claims in relation to subpoena service are not itemized sufficiently as to allow Do to understand the basis for the requested costs. Though ABOR has submitted invoices in support of the costs claimed, these invoices do not explain the wide variances in service charges between different jobs. It is thus unclear, for example, why service of a subpoena for medical records upon Banner Gateway Medical Center was $89.60 (plus additional fees addressed separately below), whereas service of a subpoena for medical records upon Banner Desert Medical Center was $44.00. There is no obvious reason for the difference in cost between these services; both institutions are hospitals, which should be simple to serve, there is no notation that multiple attempts or locations were necessary, they are located only 10 miles apart, so there is not an obvious distance variance that needs to be accounted for, and this is service of a subpoena, not costs for printing documents, so it is not a matter of print job pricing. Though Do agrees as a general matter that ABOR is entitled to service costs, she has no way of assessing whether the costs requested herein were reasonable. Without backup documentation, Do respectfully requests that service for each of the items ABOR claims be taxed only at the lowest rate claimed, or $44.00 each.

To the extent that the Court/clerk does not tax costs at Do's suggested lower rate, Do additionally objects to costs ABOR claims in service fees that were not

necessarily incurred in service.  This includes the following:

    i) Fee for service of subpoena for deposition on Warrant Brent Thomas: ABOR claims $348.50 for this service. This includes $37.50 for Waiting Time; $46.00 Immediate Service Charge; and $30.000 Process Service with note "special." [Dkt. 172-1 at p. 10.] Waiting time and immediate service are not necessary charges to incur during service. It is unclear what "special" refers to at all. Do never objected to, nor impeded, any of these subpoenas. These costs should not be taxed.

    ii) Fee for service of subpoena for medical records on Abrazo Arizona Heart Hospital: ABOR's claim of $132.50 includes a $30.00 Immediate Service Charge. [Dkt. 172-1 at p. 11.] This cost was not necessarily incurred and would not have been with standard service. Do never objected to, nor impeded, any of these subpoenas. It should not be taxed.

    iii) Fee for service of subpoena for medical records on Banner Gateway Medical Center: ABOR's claim of $119.60 includes a $30.00 Immediate Service Charge. [Dkt. 172-1 at p. 12.] This cost was not necessarily incurred and would not have been with standard service. Do never objected to, nor impeded, any of these subpoenas. It should not be taxed.

    iv) Fee for attempted service of subpoena for deposition upon Reaia Reaves: this subpoena was not successfully served, and the invoice demonstrates that the service attempt was made to an incorrect address for the intended deponent. The cost for a service that did not occur should not be taxed.

**B.     Deposition Costs.**

Do further objects to portions of the costs claimed by ABOR as deposition costs. Under LRCiv 54.1(e)(3), costs may be taxed on "[t]he reporter's charge for an original and copy of a stenographic transcript of a deposition is taxable if it was necessarily obtained for use in the case whether or not the deposition was actually received into evidence or was taken solely for discovery purposes. The cost of

obtaining a copy of a stenographic transcript of a deposition by parties in the case other than the one taking the deposition is also taxable on the same basis." In the case of two of the deposition transcripts that ABOR claims, for Do's Volume I and for Eddie Taylor, PhD, ABOR includes in its claimed costs charges for the rough draft of the depositions. For Do, this is $248.00. [Dkt. 172-1 at p. 47.] For Taylor, this is $340.50. [Dkt. 172-1 at p. 48.] These rough draft amounts cannot be properly characterized as the charge for the original transcript as recoverable under this section; as seen on the relevant invoices, that cost of the original is separately accounted for. These rough draft costs do not appear on the other depositions ABOR ordered, were not necessary costs, and should not be taxed. Do respectfully requests that the entries for Do's Volume I transcript and Taylor's transcript be reduced by these amounts.

Dated:  April 18, 2025            **AFFELD ENGLAND & JOHNSON LLP**

By: /s/ Brian R. England
    Brian R. England

Attorney for Plaintiff Sara Do